UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) NO. CR 08-00494 SJO |
|---|---|
| Plaintiff, | ) **ORDER GRANTING IN PART AND** |
| | ) **DENYING IN PART DEFENDANT'S** |
| v. | ) **MOTION TO STRIKE GOVERNMENT'S** |
| | ) **AMENDED EXPERT WITNESS NOTICE** |
| JOSEPH R. FRANCIS, | ) [Docket No. 135] |
| Defendant. | ) |

This matter is before the Court on Defendant Joseph R. Francis' Motion to Strike Government's Amended Expert Witness Notice, filed April 20, 2009. Plaintiff United States of America (the "Government") filed an Opposition, to which Francis replied. The Court held a hearing on the matter on May 18, 2009. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Francis' Motion.

I. <u>BACKGROUND</u>

Francis has been charged by a federal grand jury in a two-count Indictment, alleging tax evasion in violation of 26 U.S.C. § 7201 for 2002 and 2003. In June 2007, the Government filed its initial Expert Witness Notice. In April 2009, the Government filed an Amended Expert Witness Notice (the "Notice"), which is largely the same as the original notice but lists a new testifying Revenue Agent, George Beas, due to a scheduling conflict with the previously identified agent. (*See* June 26, 2007 notice, filed as Def.'s Ex. A; Notice, filed as Def.'s Ex. B, 33-34.) The Notice consists of a three-page summary, Beas' one-page C.V., and 24 pages of draft computations and schedules. The summary states that Beas:

   (1) "will summarize the evidence regarding the amount of income tax due and owing by the defendant . . . . His calculations are based upon specific items analysis of business records, bank records obtained from financial institutions with which the defendant maintained accounts, and the expected trial testimony of various witnesses";

   (2) "is also expected to testify about general accounting practices with regard to personal income taxes, corporate income taxes, tax preparation, and IRS reliance upon and treatment of information contained on the tax returns prepared and filed by the defendant";

   (3) "will be present during the trial and will provide an analysis of the testimony and financial records introduced into evidence, explaining to the jury the tax consequences of the United States' evidence"; and

   (4) "may also testify as to other tax issues that may arise in this case, including defenses raised by the defendant."

(Notice 34.)  The summary also explains that "Beas will be made available for face-to-face discussions with defense counsel in order to explain his opinions and field questions regarding his opinions and the basis for them," and notes that Beas "has adopted" the draft computations included in the Notice. *Id.* at 35.  The draft computations list: (1) the numbers Francis provided on his income tax returns for various categories, including capital gains or losses, income or loss from partnerships and S Corporations, and total tax due; (2) the amount by which Beas believes each number should be increased or decreased;  and (3) "corrected" numbers. *Id.* at 39-40.  The computations specify the amount by which Beas believes Francis understated his taxable income, and the amount of additional tax due and owing, for both 2002 and 2003.  *Id.*  These computations are based on specific expenses that Beas believes are disallowed for Francis' companies Mantra Films, Inc. and Sands Media, Inc., and the respective adjustments Beas provides for each company's income, set forth in the draft schedules.  *Id.* 41-50.

   Francis now moves to strike the Notice on the grounds that it fails to comply with Federal Rule of Criminal Procedure ("Rule") 16 and the Court's Discovery and Trial Order (the "Order").  Specifically, Francis argues that the Notice fails to set forth Beas' opinions and the bases for them.  (Def.'s Mem. P. & A. 1.)

## II. DISCUSSION

Rule 16 provides that "at the defendant's request, the government must give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The Order requires the Government to "permit defendant's attorney to copy or photograph a written resume of the qualifications of any expert witness which the United States Attorney intends to call in the case in chief together with a statement of the substance of such expert's expected testimony." (Order, filed as Docket No. 29, ¶ 8(b)(x).)

Francis contends that the Notice "does not identify the amount of taxes due and owing," and "fails to identify any particular deduction on the return as overstated or otherwise improper." (Def.'s Mem. P. & A. 2.) However, the draft computations accompanying the Notice clearly provide that the "additional tax due and owing" is $4,259,031 for 2002 and $1,997,166 for 2003. (Notice 39-40.) In addition, the schedules list the specific expenses Beas believes are disallowed, including the date of the expense, the check number, if applicable, and the general classification of the expense (e.g. rent, consulting services, etc.). *Id.* at 46-49.

Francis also cites several cases in which courts have found expert notices deficient where they contained only "a list of general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects." *See United States v. Duvall*, 272 F.3d 825, 828 (7th Cir. 2001) (explaining that "statement that expert would testify concerning amounts of methamphetamine an individual might have for distribution, as opposed to personal use,' does not identify what amount, according to [the expert], would point to intended sales rather than use"); *United States v. Capleton*, 199 F.R.D. 25, 28 (D. Mass. 2001). He also notes that courts have rejected expert notice that "bespeaks of a boilerplate disclosure," containing only "generic testimony that any law enforcement officer might offer in almost any case involving drug trafficking charges" and "lack[ing] case-specific information." *United States v. Tunkara*, 385 F. Supp. 2d 1119, 1120-1121 (D. Kan. 2005).

1    Here, the Notice provides extensive "case-specific" information, consisting of detailed computations of the amount of additional tax Beas believes is due and owing, and identifying particular deductions he believes are disallowed. (*See* Notice, 39-40, 46-49.) Thus, while the Notice contains general statements of the subject matter Beas will discuss, it also contains his opinions as to the amount by which Francis understated his income in his tax returns, and the particular deductions that are improper. *Id.* In addition, the Notice explains that Beas' calculations are based on business and bank records, as well as anticipated trial testimony, both of which the Government states it has provided to Francis in discovery. (*See* Notice 34; Pl.'s Opp'n 10.) Lastly, Beas has made himself available to Francis "for face-to-face discussions with defense counsel in order to explain his opinions and field questions regarding his opinions and the basis for them." *Id.* at 35. Accordingly, the Notice achieves Rule 16's purpose of "minimiz[ing] surprise that often results from unexpected testimony, reduc[ing] the need for continuances, and provid[ing] the opponent with a fair opportunity to test the merit of the expert's testimony through cross-examination." *See* Notes of Advisory Comm. on 1993 Amendments; *see also United States v. Vallone*, No. 04-CR-0372, 2008 U.S. Dist. LEXIS 14410, at *8-9 (N.D. Ill. Feb. 21, 2008) (noting in tax evasion case that IRS agent's offer to "describe how he developed the tax loss summaries" to defendants before trial "is more than what is expected of the Government to minimize surprise, reduce the need for continuances and provide Defendants a fair opportunity to test the merits of the expert's testimony").

Based on the foregoing, the Court finds that the Government has substantially complied with Rule 16 and the Court's Order. However, the Court will require the Government to provide a list of each opinion and each conclusion that Beas intends to offer or may offer at trial.

III.     RULING

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Francis' Motion to Strike Government's Amended Expert Witness Notice.  The Government shall file the list of opinions and conclusions Beas intends to offer or may offer at trial on or before **June 1, 2009**.

IT IS SO ORDERED.

May 19, 2009

*S. James Otero*

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

5