```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  SANDRA R. BROWN
    Chief, Tax Division
 3
    CARYN D. FINLEY, Trial Attorney (New York SBN: 2953882)
 4  JOHN P. SCULLY, Trial Attorney (Illinois SBN: 6287345)
    Tax Division
 5  PO Box 972
    Washington, DC 20044
 6  Telephone: (202) 514-5762
    Facsimile: (202) 514-9623
 7  E-mail:  Caryn.Finley@usdoj.gov
             John.P.Scully@usdoj.gov
 8
```

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO. CR 08-494-SJO |
|---|---|
| Plaintiff, | ) MOTION FOR ORDER TO SHOW CAUSE<br>) RE: CRIMINAL CONTEMPT<br>) [18 U.S.C. § 401(3);<br>) Fed.R.Crim.P. 42(a)]; |
| JOSEPH R. FRANCIS, | ) Declaration of Caryn Finley<br>) (filed concurrently); Proposed<br>) Order |
| Defendant. | ) |

MOTION FOR ORDER TO SHOW CAUSE RE: CRIMINAL CONTEMPT

Plaintiff United States of America hereby moves the Court for an order requiring defendant Joseph R. Francis ("Francis") to show cause why he should not be held in criminal contempt of court for violating the Modified Protective Order ("Protective Order") entered on December 16, 2009. (Docket # 495.)

Specifically, the government alleges that Francis violated Sections (1)(B) and (1)(C) of the Protective Order. These sections bar him from providing or disclosing Discovery Materials, including memoranda of interview, to non-litigants. The Protective Order further orders that the Discovery Materials may not be used for any other purpose or in any other proceeding, except in connection with the defense of the criminal case or in

any civil administrative or civil judicial proceeding concerning the tax liability covered by the plea agreement. The government makes this motion pursuant to Title 18, United States Code, Section 401(3) and Rule 42(a) of the Federal Rules of Criminal Procedure.

## I.   STATEMENT OF FACTS

On December 16, 2009, the Court entered a Protective Order in this matter. Francis has violated the Protective Order and should be held in criminal contempt. Specifically, Francis violated the Protective Order by disclosing portions of a memorandum of interview to a non-litigant. Francis well knew that this disclosure directly violated Sections (1)(B) and (C) of the Protective Order and that a violation of this order may be punished by contempt of court. The court ordered:

> 1. Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 28 USC § 1651, unauthorized disclosure of discovery material and information contained therein to non-litigants is prohibited under the following provisions (when the term "defendant" is used, said term encompasses an attorney for the defendant):
>
> B. Such Discovery Materials[1] provided by the United States may be utilized by the defendant, the I.R.S. and the Department of Justice ("D.O.J.") solely in connection with the defense of this case and any civil administrative or civil judicial proceeding concerning any alleged additional tax liability, including collection of any alleged additional tax liability, covered by the plea agreement (Doc. 465, ¶18.) Such Discovery Materials <u>may not</u> be used for any other purpose and in connection with any other proceeding.
>
> C. The Discovery Materials shall not be disclosed either directly or indirectly to any person or entity other than persons employed to assist in the

---

[1] Discovery Materials is defined in Section (1)(A) to include memoranda of interview.

|  |  |
|---|---|
| 1 | defense or prosecution of this matter, including persons employed by the defendant, the IRS and the D.O.J. to assist in any civil administrative or civil judicial proceeding concerning any alleged additional tax liability, including collection of any alleged additional tax liability, covered by the plea agreement, or such other persons as to whom the Court may expressly authorize disclosure upon proper motion. |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | F.  Before any such disclosure to the defendant, defendant's counsel shall personally inform the defendant of the provisions of this order and direct him not to disclose any information in the government's discovery in violation of this order, and shall inform him that any unauthorized disclosure may be punished as contempt of court. |
| 7 | |
| 8 | |
| 9 | |
| 10 | (Docket #495 p. 1-4.) |
| 11 | On Friday, April 9, 2010, Francis e-mailed L.N., an employee for a *Girls Gone Wild* creditor.  Included in this e-mail were excerpts from a Memorandum of Interview covered by the Protective Order.  See Exhibit A.  On April 27, 2010, Exhibit A was provided to the government by the creditor. See Caryn Finley's Declaration ¶ 3. |
| 17 | On May 12, 2010, the government spoke directly with L.N.  She stated that the e-mail from Francis was sent by him as part of a fee dispute he was having with her company, the creditor. Id. ¶ 4. L.N. stated that Francis told L.N. that the information was from sealed documents in the tax case and his attorney advised him not to disclose the information.  Id. ¶ 5.  Francis stated that he could send her the information now but that she could not share it. L.N. told Francis not to send the information if he was not supposed to share it because she would have to share the information with her management.  Id.  L.N. questioned Francis as to why he had not previously provided the information.  Francis |

responded that he could not previously provide it because of the tax case, but that was settled now. *Id.* ¶ 6.

## II. STATEMENT OF LAW

### A. Jurisdiction

Title 18, United States Code, Section 401(3) provides that a "court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as...[d]isobedience or resistance to its lawful writ, process, order, rule, decree or command." Accordingly, jurisdiction for a criminal contempt action for violation of a protective order is appropriate only in the court that issued the protective order. *Stiller v. Hardman*, 324 F.2d 626, 628 (2d Cir. 1963).

### B. Initiation of Proceedings

The criminal contempt statute does not specify a maximum penalty and the crime cannot be classified as either a misdemeanor or a felony. 18 U.S.C. § 401. Accordingly, there is no right to a grand jury indictment in the criminal contempt context. *Green v. United States*, 356 U.S. 165, 187 (1958), overruled in part by *Bloom v. Illinois*, 391 U.S. 194, 202 (1968); see also *United States v. Powers*, 629 F.2d 619 (9th Cir. 1980). Criminal contempt actions may be initiated by indictment, information, or notice pursuant to Fed. R. Crim. P. 42. Therefore, an order to show cause is an appropriate method for the initiation of criminal contempt proceedings.

### C. Burden of Proof and Rules of Evidence

The government has the burden of proving each element of criminal contempt beyond a reasonable doubt. *United States v.*

NYNEX Corp., 8 F.3d 52, 54 (D.C. Cir. 1993); In re Kirk, 641 F.2d 684, 687 (9th Cir. 1981); Powers, 629 F.2d at 627. Ordinary rules of evidence apply to criminal contempt cases. Fed. R. Evid. 1101(b); In re Floersheim, 316 F.2d 423, 428 (9th Cir. 1963).

D.  Jury Trial Right

The right to a jury trial for a criminal contempt charge depends on the actual sentence imposed. Frank v. United States, 395 U.S. 147, 149 (1969). Defendants have a right to a jury trial for serious charges of criminal contempt. Bloom, 391 U.S. at 201-02. Serious contempt charges are those that could result in a sentence of six months or more, whereas, petty contempt charges are those that result in a sentence of less than six months of incarceration. Petty contempt charges may be tried without a jury. See Taylor v. Hayes, 418 U.S. 488, 494 (1974); Codispoti v. Pennsylvania, 418 U.S. 506, 511 (1974).

In criminal contempt cases, a judge must determine whether a defendant has a constitutional right to a jury trial before knowing the actual sentence to be imposed. In this case, based on the evidence obtained, the government seeks a sentence that includes either incarceration or a monetary penalty, but recommends that any resulting sentence of incarceration be less than six months. Thus, trial on this charge should be conducted without a jury.

E.  Elements of Criminal Contempt

To convict the defendant of criminal contempt, the government must prove the following elements beyond a reasonable doubt:

1.  A clear and definite order of the court;
2.  The defendant knew of the order; and
3.  The defendant willfully disobeyed the order.

1  United States v. Doe, 125 F.3d 1249, 1254 (9th Cir. 1997); Powers,
2  629 F.2d at 627.
3  **III. ARGUMENT**
4      The defendant willfully violated the terms of the protective
5  order entered on December 16, 2009.
6  A.   The Protective Order is Clear and Definite
7      As recited above, the defendant was prohibited from disclosing
8  or using memoranda of interview "for any other purpose and in
9  connection with any other proceeding" other than the defense of the
10 criminal case and in any civil administrative or judicial
11 proceeding concerning any additional tax liability, including
12 collection of that tax liability, covered by the plea agreement.
13 See Protective Order ¶¶ 1(A)(B)(C).  The language is clear and
14 specific to the materials it protects, when and how the defendant
15 is permitted to use such materials and the punishment should he
16 violate the protective order. See Id. at ¶ 1(F).
17 B.   The Defendant Knew of the Injunction
18     It is undisputed that the defendant is aware of this Court's
19 Protective Order and its parameters.  Two protective orders were
20 previously issued in this case: Protective Order Regarding
21 Discovery (Doc. #34) and Order Re: Defendant's Motion to Compel
22 Government Compliance with Brady, Giglio, and Rule 16(A)
23 Obligations (Doc. #214).  These protective orders arose due to the
24 government's concern with the defendant's frequent inability to
25 respect the sensitive and confidential nature of the discovery
26 materials.  (See Government's Motion for Protective Order Regarding
27 Discovery (Doc. #28).)
28     Furthermore, prior to the guilty plea, the defendant filed a
   Motion for Modification of the Protective Order (Doc. #445), which

1  was opposed by the government. (Doc. #463.) This motion was
2  rendered moot by the guilty plea and the Court never ruled on it.
3  However, on November 6, 2009, at the sentencing hearing and in the
4  defendant's presence, defense counsel raised modification of the
5  existing protective order.

> **MR. BRIAN:** One is, there's a protective order in the case that was entered before we entered the case that requires -- I don't have it in -- well, actually, I might have it in front of me, but it requires the return of certain discovery documents provided by the Government, to the Government and I would ask that the Court consider modifying it as follows. Mr. Francis would be required to return all information that he has received, all materials to Counsel and that Counsel for the Defense would keep them in our possession. The reason for that is, because there's a scope of release of the Plea Agreement that talks about what can and cannot be the subject of any future criminal proceedings and it's tied to the Government's investigation, including interview memos. So we just want to retain a record of that. We will keep it in our possession and Mr. Francis will be ordered to return all of the memos of interviews and the like to us.[2]
>
> **THE COURT:** Is that agreeable with the Government?
>
> **MS. MARK:** Yes, your Honor. I just think that it just needs to be reiterated that the discovery and evidence in this matter is to be used for no other purpose at

---

[2] Accordingly, Francis should not have possessed the Memorandum of Interview on April 9, 2010.

| | |
|---|---|
| 1 | all, other than for determining whether the Government |
| 2 | were to bring any charges against him and that includes |
| 3 | any other litigation Mr. Francis has ongoing. |
| 4 | **THE COURT**: Is that agreed? |
| 5 | **MR. BRIAN**: I understood the Court has ordered that. |
| 6 | **THE COURT**: Okay. Then that's agreed? |

See Transcript of Sentencing, Doc. 488, p. 19-20. The government raised again, in the defendant's presence, its concern about the defendant's ability to comply with the court's Protective Order and his understanding of the use he could and could not make of the Discovery Materials.

After sentencing in this case, the government and defendant entered into a Stipulation to Modify the Protective Order. (Doc. 494.) The Court granted the Stipulation and issued the Modified Protective Order. (Doc. 495.) Furthermore, the defendant demonstrated his knowledge of the Protective Order when he told L.N. that he was advised by his attorneys that he could not disclose the information. See Finley Declaration ¶ 5. The defendant's numerous motions to modify the existing protective orders, including his oral request in court and his statements to L.N., indicate that he knew of the Protective Order and its requirements but chose to disobey them.

C.  The Defendant Willfully Violated the Protective Order

"Willfulness is defined as a volitional act done by one who know or should reasonably be aware that his conduct is wrongful." United States v. Baker, 641 F.2d 1311, 1317 (9th Cir. 1981) (internal quotations removed). Francis willfully violated the Protective Order by disclosing the memorandum of interview to a non-litigant in a proceeding that was completely unrelated to his

1 tax liability. This conduct is clearly prohibited by the
2 Protective Order.
3     As defendant has demonstrated, he has an inability to comply
4 with the Court's Protective Order. Defendant's actions have
5 shown that he does not take his obligations to the Court
6 seriously and that his actions can only be regarded as willful
7 conduct.

## IV. CONCLUSION

    For the foregoing reasons, the government respectfully requests that the Court issue an order requiring the defendant to show cause why he should not be held in criminal contempt of court.

DATED: May 21, 2010

```
                              Respectfully submitted,
                              ANDRÉ BIROTTE JR.
                              United States Attorney
                              SANDRA R. BROWN
                              Assistant United States Attorney
                              Chief, Tax Division


                              /S/
                              CARYN D. FINLEY
                              JOHN P. SCULLY
                              Trial Attorneys
                              Department of Justice, Tax Division

                              Attorneys for the United States
                              of America
```