ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Chief, Tax Division

CARYN D. FINLEY, Trial Attorney (New York SBN: 2953882)
JOHN P. SCULLY, Trial Attorney (Illinois SBN: 6287345)
Tax Division
PO Box 972
Washington, DC 20044
Telephone: (202) 514-5762
Facsimile: (202) 514-9623
E-mail: Caryn.Finley@usdoj.gov
John.P.Scully@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH R. FRANCIS,<br><br>Defendant. | No. CR 08-494-SJO<br><br>DECLARATION OF CARYN FINLEY RE: MOTION FOR ORDER TO SHOW CAUSE |

I, Caryn Finley, declare as follows:

1. I am an attorney with the Department of Justice, Tax Division. I have personal knowledge of the following facts, except those stated on information and belief, and, if called as a witness, could competently testify to them.

2. On or about April 23, 2010, I was contacted by attorneys for a *Girls Gone Wild* creditor. The attorneys stated that they had received from Joseph Francis a document that appeared to be a Memorandum of Interview. I asked the attorneys if they would

provide me a copy of the document.

3. On April 27, 2010, the attorneys for the creditor provided the government with an e-mail dated April 9, 2010, from Joe Francis. The e-mail contained excerpts from an April 30, 2009, Memorandum of Interview (MOI) of a government witness. This MOI was provided to the defendant's counsel on June 2, 2009. In addition to four paragraphs from the MOI, the excerpt included, among other information, the witness's name and home address.

4. On May 12, 2010, I spoke with L.N., an employee of the creditor who was the recipient of the April 9, 2010 e-mail sent by the defendant. L.N. stated that the e-mail from Francis was sent by him as part of a fee dispute he was having with her company, the creditor.

5. L.N. stated that Francis told her that the information was from sealed documents in the tax case and his attorney had advised him not to disclose the information. Francis stated that he could send her the information now but that she could not share it. L.N. told Francis not to send the information if he was not supposed to share it because she would have to share the information with her management.

6. L.N. questioned Francis as to why he had not previously provided the information. Francis responded that he could not previously provide it because of the tax case, but that was settled now.

I declare under penalty of perjury that the foregoing is

true and correct to the best of my knowledge and belief.

DATED: May 21, 2010

CARYN FINLEY
Trial Attorney